# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON VOLLING, JULIE BANSER, and APRIL SOULAK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-cv-4920 |
| ANTIOCH RESCUE SQUAD, individually and jointly as a joint employer with Metro Paramedic Services, Inc.; and METRO PARAMEDIC SERVICES, INC., individually as an agent of Antioch Rescue Squad and joint employer with Antioch Rescue Squad, | ) ) ) ) ) ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) | |

## MOTION TO DIRECT ENTRY OF JUDGMENT AND SET FEE PETITION SCHEDULE

Plaintiffs, Shannon Volling and April Soulak, through their attorneys and pursuant to Fed.R.Civ.P. 68 and LR54.3, move this Honorable Court to direct entry of judgment and enter a scheduling order with respect to a fee petition, and in support of which respectfully state:

1. Plaintiffs, Shannon Volling, April Soulak, and Julie Banser, brought this action against two Defendants, Antioch Rescue Squad ("ARS") and Metro Paramedic Services, Inc. ("Metro"), complaining of sexual discrimination, harassment, and retaliation, and further complaining of negligent supervision and retention.

2. Both Defendants brought Rule 12 motions challenging the sufficiency of the pleadings, which motions have been fully briefed and await ruling.

3. On September 26, 2012, Defendant Antioch Rescue Squad ("ARS") served Amended Rule 68 Offers of Judgment to Plaintiff Shannon Volling for $100,000 plus reasonable

attorneys' fees to be determined by the District Court, and to Plaintiff April Soulak for $55,000 plus reasonable attorneys' fees to be determined by the District Court.

4. Defendant ARS also made a Rule 68 Offer of Judgment to Plaintiff Julie Banser.

5. On October 8, Plaintiffs Volling and Soulak filed Notice of Acceptance of the Offers of Judgment with the Court. [See Docket Nos. 59-60]

6. Plaintiff Banser rejected her Offer of Judgment.

7. None of the Plaintiffs have resolved their claims against Defendant Metro.

8. Accordingly, the matter remains unresolved and pending on all counts as between Julie Banser and Defendant ARS and as to all three Plaintiffs against Defendant Metro.

9. To date, the Court has not yet entered judgment on Defendant ARS's Rule 68 Offers of Judgment.

10. Rule 68 states that if an offer of judgment is accepted the clerk must then enter judgment.

11. Accordingly, Plaintiffs Volling and Soulak respectfully request that the clerk be directed to enter judgment on Defendant ARS's Offers of Judgment.

12. Local Rule 54.3 states that either before or after the entry of judgment the court may enter an order with respect to the filing of a fee motion pursuant to FRCP 54. Unless the court's order includes a different schedule, the fee motion shall be filed 91 days after entry of the judgment. Local Rule 54.3 also sets forth a schedule for the exchange of pre-motion submissions after entry of the judgment.

13. Accordingly, the matter is ready for submissions related to Plaintiffs' fee petition consistent with the Offers of Judgment, and Plaintiffs respectfully request that a scheduling order

pursuant to LR54.3 be entered, including dates for pre-motion conferences and tender of proposals as set forth in LR54.3(d).

WHEREFORE, Plaintiffs, Shannon Volling and April Soulak, pray this Honorable Court direct judgment be entered on Defendant ARS's Offers of Judgment and for entry of an order setting a schedule consistent with LR54.3 for the filing of a fee petition under Fed.R.Civ.P. 54, and for any additional or alternative relief as the Court deems just in the premises.

                                              Respectfully submitted,

                                By:    /s/ M. Megan O'Malley

                                              Attorney for Plaintiffs

M. Megan O'Malley
John P. Madden
Lindsey E. Goldberg
O'Malley & Madden, P.C.
542 So. Dearborn Street
Suite 660
Chicago Illinois 60605
312.697.1382